UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mordechai Klagsbrun,<br><br>                              Plaintiff,<br><br><br><br>       -v.-<br><br>Convergent Outsourcing, Inc.,<br><br>                              Defendant(s). | Civil Action No: 1:21-cv-2998<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mordechai Klagsbrun (hereinafter referred to as "Plaintiff") brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Convergent Outsourcing, Inc., (hereinafter referred to as "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service at C T Corporation System, 28 Liberty St., New York, New York, 10005.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to January 16, 2021, an obligation was allegedly incurred to Verizon Wireless.

12. The Verizon Wireless obligation allegedly arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically telephone and/or internet services.

13. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3) as he is allegedly obligated to pay the subject debt to Verizon Wireless. Therefore, all of the FDCPA provisions protect the Plaintiff, despite the fact that he is erroneously treated as a debtor by the Defendant.

14. The alleged Verizon Wireless obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

15. Verizon Wireless is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

16. Upon information and belief, Verizon Wireless contracted with the Defendant to collect the alleged debt.

17. Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - January 16, 2021 Collection Letter*

19. On or about January 16, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Verizon Wireless. (See a true and correct copy of the Letter attached hereto as Exhibit A.)

20. Regarding the debt itself, Plaintiff maintains that the subject debt is erroneous. Therefore, as he does not owe the subject debt to the creditor, the Letter falsely represents the character, amount and/or legal status of the debt.

21. The subject Verizon Wireless debt was for a home Connect service with a 14-day free trial.

22. Plaintiff used the home Connect service during the free trial period and then subsequently sent back all of the equipment to Verizon Wireless.

23. The Plaintiff received confirmation from UPS that the shipment was received by Verizon Wireless.

24. However, Verizon Wireless billed the Plaintiff for the "free service" nonetheless.

25. The Plaintiff called Verizon Wireless on multiple occasions, but the representative of Verizon Wireless was unwilling to "waive" the debt associated with the home Connect service.

26. Then, the subject debt was forwarded to the Defendant for the purpose of collection.

27. Plaintiff disputed the subject debt with the Defendant collection agency, putting the Defendant on notice of this improper collection, but Defendant continued to attempt to collect the subject debt.

28. To send a collection letter to a person that is not personally liable for a debt is nothing short of direct harassment.

29. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

30. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

31. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

32. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

33. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

34. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Defendant violated §1692e:

   a. As the letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e (2); and

   b. By making a false and misleading representation in violation of §1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

42. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

43. Defendant violated §1692f:

    a. As the debt is erroneously associated with the Plaintiff the amount of the subject debt is not expressly authorized by the agreement creating the debt or permitted by law in violation of §1692f (1).

44. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mordechai Klagsbrun demands judgment from Defendant Convergent Outsourcing, Inc. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: May 27, 2021                              Respectfully Submitted,

**STEIN SAKS, PLLC**

 /s/ **Tamir Saland**
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*